2017 UT App 32

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
BRADLEY EDWARD BOURK,
Appellant.

Opinion
No. 20141069-CA
Filed February 16, 2017

Third District Court, Salt Lake Department
The Honorable Vernice S. Trease
No. 141901810

Joel J. Kittrell and Kristina H. Ruedas, Attorneys
for Appellant

Sean D. Reyes and Thomas B. Brunker, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and JILL M. POHLMAN concurred.

VOROS, Judge:

¶1     Defendant Bradley Edward Bourk was convicted of aggravated robbery. The aggravating factor was his use of a dangerous weapon. A victim of the crime testified that Bourk "put his hand into his jacket and pulled out a gun." Bourk contends on appeal that the trial evidence was insufficient to support a jury finding that he used a dangerous weapon in the course of committing a robbery. We affirm.

¶2     In assessing a claim of insufficiency of the evidence, "we review the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict of the jury." *State v. Maestas*, 2012 UT 46, ¶ 302, 299 P.3d 892 (citation

and internal quotation marks omitted). We reverse "only when the evidence, so viewed, is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he or she was convicted." *Id.* (citation and internal quotation marks omitted). Also, "in reviewing the sufficiency of the evidence, we refuse to re-evaluate the credibility of witnesses or second-guess the jury's conclusion." *State v. Fedorowicz*, 2002 UT 67, ¶ 40, 52 P.3d 1194 (citation and internal quotation marks omitted). [1]

¶3     A person commits aggravated robbery if, in the course of committing robbery, he "uses or threatens to use a dangerous weapon as defined in Section 76-1-601." Utah Code Ann. § 76-6-302(1)(a) (LexisNexis 2012). Section 76-1-601 defines "dangerous weapon" in part as "any item capable of causing death or serious bodily injury" or "a facsimile or representation of the item, if . . . the actor's use or apparent intended use of the item leads the victim to reasonably believe the item is likely to cause death or serious bodily injury . . . ." *Id.* § 76-1-601(5).

¶4     Here, store employees stopped Bourk, suspecting shoplifting. A scuffle ensued. During the fight, Bourk dropped a number of items, including a holster he had just purchased and a $CO_2$ cartridge. One of the employees testified that, after the store employees escorted Bourk to an office in the back of the store, Bourk "put his hand into his jacket and pulled out a gun and we saw the gun." The employee, who was experienced with guns, saw the barrel of the gun but couldn't tell what kind of gun it was, because Bourk placed his left hand over the top of the gun.

_____

1. Both parties indicated that because Bourk did not preserve his sufficiency challenge, we should apply a plain error standard of review. However, our own review of the record indicates that Bourk did preserve this challenge. Our disposition would be the same under a plain error analysis.

The employee feared that Bourk would use the gun and afterwards "felt very fortunate that he didn't use it." Bourk never threatened to shoot or said "I have a gun." But one of the employees said, "He's got a gun, he's got a gun" and stepped back from Bourk. No one was injured in the encounter.

¶5 Bourk testified that what the employee thought was a gun was in fact a "little chrome torch lighter" used for lighting cigarettes. No gun or torch lighter was ever recovered, but Bourk did draw a sketch of the torch lighter, which was admitted as a trial exhibit and is attached to this opinion.

¶6 The question here is whether the evidence was sufficient to support a jury finding beyond a reasonable doubt that Bourk either used a gun or used a facsimile or representation of a gun where his use or apparent intended use of the facsimile led the victim to reasonably believe it was a gun. *See id.* The evidence here is not so "inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he or she was convicted." *See Maestas*, 2012 UT 46, ¶ 302 (citation and internal quotation marks omitted). One of the victims, who was familiar with guns, testified that Bourk pulled out a gun, and the other victim exclaimed, "He's got a gun." Bourk himself testified that he pulled out a chrome torch lighter, and Bourk's sketch of the lighter resembles a gun. Viewing these facts in the light most favorable to the jury's verdict, we hold that reasonable minds could conclude beyond a reasonable doubt that Bourk either wielded a gun or wielded a facsimile of a gun in a manner that led the victims to reasonably believe it was a gun.

¶7 Affirmed.

————————

EXHIBIT A

